UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANASTASIYA DYVONYAK., | ) |
| Plaintiff, | ) Case No. 23-cv-16528 |
| v. | ) Judge Sharon Johnson Coleman |
| ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anastasiya Dyvonyak ("Plaintiff") filed a petition for writ of mandamus [1] against Defendants United States Secretary of the Department of Homeland Security Alejandro Mayorkas and United States Director of U.S. Citizenship and Immigration Services ("USCIS") Ur Mendoza Jaddou, (the "Government"). Plaintiff alleges the Government has unreasonably delayed rendering a decision on her Form I-360 immigration petition pursuant to the Violence Against Women's Act ("VAWA"), in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq*. Before the Court is the Government's motion to dismiss [15] and Plaintiff's motion for summary judgment [10]. For the reasons below, the Government's motion to dismiss [15] is granted. Because the Court concludes that dismissal of the complaint is appropriate, it does not reach the question of summary judgment.

**Background**

Plaintiff is a native and citizen of Ukraine. Plaintiff is currently married to a U.S. Citizen. During her marriage, Plaintiff alleged she was a victim of battery and extreme cruelty at the hands of her husband. As a result, she filed Form I-360 VAWA self-petitions ("VAWA Petitions") on February 22, 2022.

1

VAWA Petitions "provide a pathway to immigration relief for victims of domestic violence" without their abuser's cooperation to submit paperwork and without the abuser's knowledge. (United Citizenship and Immigration Services, *Immigration Options Available to Victims of Abuse, Trafficking and Other Serious Crimes: VAWA I-360 Self-Petition, T Visa and U Visa,* July 27, 2022, at 4, https://www.uscis.gov/sites/default/files/document/foia/National_Engagement-VAWA_I-360_Self-Petition-T_Visa_and_U_Visa-PowerPoint.pdf.) To qualify for a VAWA Petition, individuals must be the victim of battery or extreme cruelty committed by a U.S. citizen spouse or former spouse; a U.S. citizen parent; a U.S. citizen son or daughter; a lawful permanent resident (LPR) spouse or former spouse; or a lawful permanent resident parent. *Id.* at 5.

Since February 22, 2022, Plaintiff has not received any communication or information as to the status of her VAWA Petition. While she waits for her VAWA Petition approval, she remains in the United States on an F-1 student, post-completion Optional Practical Training work authorization.

Plaintiff alleges that the Government has willfully, unreasonably delayed, and refused to adjudicate her VAWA Petition. She further alleges that the Government owes her a duty to adjudicate the VAWA Petition under the Immigration and Nationality Act and unreasonably failed to perform that duty by not adjudicating the application in the two years it has remained pending.

**Legal Standard**

When considering a Rule 12(b)(6) motion, the court accepts all of the plaintiff's allegations as true and views them "in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

**Analysis**

The Government argues that the Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because she fails to state a plausible claim that the alleged delay in adjudicating the VAWA Petition constitutes an APA "unreasonable delay" or mandamus claim. Meanwhile, Plaintiff argues that the undisputed facts warrant summary judgment.

I. *APA Claims*

The APA requires that agencies "within a reasonable time ... shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). If agencies fail to do so, courts may "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). To determine whether the Plaintiff has sufficiently alleged that agency action has been "unreasonably delayed," the Court must apply the six factors laid out by the D.C. Circuit in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"):

(1) The time agencies take to make decisions must be governed by a rule of reason;

(2) Where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) Delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) The court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) The court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) The court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

3

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999) (quoting *TRAC*, 750 F.2d at 80) (internal quotation marks omitted). There is no dispute as to whether it is appropriate to apply the *TRAC* factors at this motion to dismiss stage. *Ebrahimi v. Blinken,* No. 23 C 3867, 2024 WL 2020038, at *10 (N.D. Ill. May 3, 2024). In applying the factors, the Court finds that Plaintiff has failed to state a claim for "unreasonable delay" under the APA.

    *A. First and Second TRAC Factors*

Plaintiff fails to establish the first *TRAC* factor – the time agencies take to make decisions must be governed by a "rule of reason" or identifiable rationale – and the second *TRAC* factor – where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason[.]" *TRAC,* 750 F.2d at 80 (citations omitted). Although analyzed together to evaluate the reason for the Government's response time, the first factor is the "most important factor[.]" *In re Core Commc'ns, Inc.,* 531 F.3d 849, 855 (D.C. Cir. 2008). And as there is no federal statutory timeline for processing the applications, "courts typically look to case law for guidance." *See Brzezinski v. U.S. Dep't of Homeland Sec.,* No. 21 C 376, 2021 WL 4191958, at *5 (D.D.C. Sept. 15, 2021). "Courts have generally found that immigration delays in excess" of five years are "unreasonable", "while those between three [and] five years are often not unreasonable." *Orozco v. Blinken*, No. 22 C 5134, 2023 WL 4595377, at *4 (N.D. Ill, July 18, 2023) (quoting *Sarlak v. Pompeo*, No. 20 C 35, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020)). For cases two years or less, courts similarly held that a 25-month delay was not unreasonable. *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 94–95 (D.D.C. 2020). Both courts in *Orozco* and *Ebrahimi* held that a 12-month adjudication is so relatively short that it likewise "counsels heavily against finding the delay unreasonable." *Ebrahimi,* 2024 WL 2020038, at *11.

4

Here, Plaintiff filed her VAWA Petitions in February 2022 and approximately 29 months (slightly over two years) have passed without a final decision. As courts have established, a delay of two years or less is not unreasonable. Furthermore, courts have found that delays between three to five years are not unreasonable. *Orozco*, 2023 WL 4595377, at *4. Thus, this Court finds that the Government's delay of slightly over two years is not unreasonable.

Accordingly, the first two *TRAC* factors favor the Government.

B. *Third and Fifth TRAC Factors*

Plaintiff also fails to establish the third and fifth *TRAC* factors. The third and fifth TRAC factors consider that "(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake" and "(5) the court should also take into account the nature and extent of the interests prejudiced by delay[.]" *TRAC*, 750 F.2d at 80 (citations omitted). Plaintiff bases her claim on "anguish" faced due to remaining in the country without lawful status for an extended period of time and the abuses at the hands of her husband. As a result, the delay in the adjudication of her VAWA Petition is "less tolerable" than a delay implicating purely economic interests. However, courts evaluate a plaintiff's interests alongside the interests of those who are similarly situated. *See Calderon-Ramirez v. McCament*, 877 F.3d 272, 275–76 (7th Cir. 2017) (delay not unreasonable where applicant "fail[ed] to set forth any facts that differentiate himself from other[s] ... waiting ahead of him for adjudication"); *Khan v. Bitter*, No. 22 C 6617, 2023 WL 6311561, at *4 (N.D. Ill. Sept. 28, 2023) (applying *Calderon-Ramirez* to find delay not unreasonable); *Pushkar v. Blinken*, No. 21 C 2297, 2021 WL 4318116, at *9 (D.D.C. Sept. 23, 2021) (courts "must consider" not only applicant's health and welfare, "but also that of others similarly-situated").

Here, Plaintiff offers nothing to indicate that her situation is different from others seeking a VAWA Petition. Plaintiff worries that she may have to remain in this country without lawful status

for an extended period and that she may lose her work authorization. However, Plaintiff is in a better situation that others applying for VAWA Petitions as she a backup authorization in the form of her F-1 student visa. Indeed, many individuals who submit VAWA Petitions are waiting for the approval, which may or may not be approved, and who do not have a backup authorization. Thus, Plaintiff's anguish weighs against finding an unreasonable delay in the adjudication of her application.

The same applies to the risk that Plaintiff incurs as a victim of domestic violence. Plaintiff alleges that she suffers anguish due to her status because her U.S. citizen husband subjected her to battery and extreme cruelty. While the Court is sympathetic to Plaintiff's circumstances, she offers nothing to indicate that her situation is different from any other VAWA Petition applicants. Thus, her safety concerns weigh against finding unreasonable delay in the adjudication of Plaintiff's application.

For these reasons, the Court concludes that factors three and five favor the Government.

C. *Fourth TRAC Factor*

Plaintiff fails to state a claim that demonstrates the fourth factor. Under the fourth *TRAC* factor, "the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[.]" *TRAC,* 750 F.2d at 80 (citations omitted). As a court in this district had decided, "compelling an expedited adjudication of the Plaintiff's application would presumably divert resources away from other competing priorities." *Ebrahimi,* 2024 WL 2020038, at *12 ; *Orozco,* 2023 WL 4595377, at *5 (recognizing that "*Calderon-Ramirez's* failure to discuss the line-skipping concern in connection with the APA claim [in that case might] mean that it has little relevance to the APA reasonableness analysis[ ]" but that "diversion of resources from other important [embassy] priorities ... weighs in favor" of government). Thus, Plaintiff fails to state a claim that meets the fourth *TRAC* factor.

6

D. *Sixth TRAC Factor*

Under the Sixth TRAC factor, "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *TRAC*, 750 F.2d at 80. Plaintiff does not allege any bad faith in her complaint and no allegation of bad faith is required to find unreasonableness. Thus, the sixth *TRAC* factor has no bearing on the Court's analysis.

In sum, all *TRAC* factors demonstrate that Plaintiff has not plausibly alleged that the over two-year delay in the adjudication of Plaintiff's VAWA Petition is unreasonable. As a result, the Court concludes that Plaintiff has not plausibly alleged unreasonable delay in the adjudication of her application.

II. *Writ of Mandamus*

In a mandamus action, 28 U.S.C. § 1361 grants district courts the power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *United States* v. *Henderson*, 915 F.3d 1127, 1132 (7th Cir. 2019) (quoting *Cheney* v. *U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)). For the court to grant the writ, Plaintiff must demonstrate: "(1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) [that] no other adequate remedy is available." *Calderon-Ramirez* v. *McCament*, 877 F.3d 272, 275 (7th Cir. 2017) (quoting *Iddir* v. *INS*, 301 F.3d 492, 499 (7th Cir. 2002)).

Here, Plaintiff cannot satisfy the third element for mandamus as the Court may grant her requested remedy under the APA. *See* 5 U.S.C. § 706(1) (authorizing district courts to "compel agency action unlawfully withheld or unreasonably delayed"). As other courts have recognized, where relief sought via mandamus is duplicative of that sought under the APA, the court must dismiss the petition for writ of mandamus. *See Ebrahimi*, 2024 WL 2020038, at *8 (citing *Kaur* v. *Mayorkas*, No. 22 C 4514, 2023 WL 4899083, at *13 (S.D.N.Y. Aug. 1, 2023) ("Where mandamus

7

relief is duplicative of an APA claim, it must be dismissed.))  In short, because Plaintiff may seek to compel the same action under the APA that she seeks to compel via mandamus, the Court dismisses their petition for a writ of mandamus as duplicative.

**Conclusion**

Based on the foregoing, the Government's motion to dismiss [15] Plaintiff's writ of mandamus [1] is granted as it fails to state a claim for unreasonable delay under the APA or the Mandamus Act.  As the Court concludes that dismissal is appropriate, it does not reach the question of summary judgment [10].

**IT IS SO ORDERED.**

Date: 7/24/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge